**McCARTER & ENGLISH, LLP**
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
973.622.4444
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIONNI CONFORTI,<br><br>        Plaintiff,<br><br>v.<br><br>ST. JOSEPH'S HEALTHCARE SYSTEM, INC.; ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER D/B/A ST. JOSEPH'S REGIONAL MEDICAL CENTER; and FATHER MARTIN D. ROONEY,<br><br>        Defendants. | Case No. 2:17-cv-00050-JLL-JAD<br><br>**ANSWER AND AFFIRMATIVE/<br>SEPARATE DEFENSES ON<br>BEHALF OF DEFENDANTS** |

Defendants St. Joseph's Healthcare System, Inc. ("SJHS"), St. Joseph's Hospital and Medical Center ("St. Joseph's"), and Father Martin D. Rooney respond to the Complaint of Plaintiff Jionni Conforti as follows:

To the extent the paragraphs of the Complaint are grouped under headings, Defendants respond generally that such headings contain legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any allegations contained in each heading in the Complaint.

Defendants deny all allegations not specifically admitted herein, and deny that Plaintiff is entitled to any relief.

### RESPONSE TO "LOCAL CIVIL RULE 10.1 STATEMENT"

1a.     Defendants lack knowledge necessary to form a belief as to the truth or falsity of the allegations in paragraph 1a. and put Plaintiff to his proofs with respect thereto.

    1b.    Admitted.

    1c.    Admitted.

    1d.    Admitted.

## RESPONSE TO "INTRODUCTION"

2.    Denied.

3.    Defendants lack knowledge necessary to form a belief as to the truth or falsity of the allegations in paragraph 3 and put Plaintiff to his proofs with respect thereto.

4.    Defendants admit that Consorti consulted with Brian Day, M.D. and that Dr. Day is an experienced surgeon with admitting privileges at St. Joseph's in Paterson, New Jersey. Except as so admitted, Defendants deny the remaining allegations in paragraph 4.

5.    St. Joseph's admits that it operates hospitals in Paterson and Wayne, New Jersey. Defendants lack knowledge necessary to form a belief as to the truth or falsity of the remaining allegations in paragraph 5 and put Plaintiff to his proofs with respect thereto.

6.    Denied.

7.    Denied.

8.    Defendants admit that Father Rooney sent Conforti, who upon information and belief, was then legally known as "Krystal Marie Conforth," an email on June 16, 2015, and Defendants further admit the allegations in paragraph 8 to the extent they are consistent with the statements in that email. Except as so admitted, Defendants deny the allegations in paragraph 8.

9.    Defendants deny that St. Joseph's or Father Rooney discriminated in any way against Plaintiff. Defendants lack knowledge necessary to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 and put Plaintiff to his proofs with respect thereto.

10.    Denied.

11.    Denied.

12.    Denied.

## RESPONSE TO "JURISDICTION AND VENUE"

13. Denied. The allegations contained in this paragraph are denied as purported conclusions of law to which no response is required.

14. Denied. The allegations contained in this paragraph are denied as purported conclusions of law to which no response is required.

15. Admitted.

## RESPONSE TO "THE PARTIES"

16. Except to aver that Plaintiff's biological sex was female upon birth and that, upon information and belief, Plaintiff legally changed Plaintiff's name to "Jionni Conforti" in or about August of 2015, Defendants lack knowledge necessary to form a belief as to the truth or falsity of the remaining allegations in paragraph 16 and put Plaintiff to his proofs with respect thereto.

17. SJHS admits that it is a nonprofit holding corporation sponsored and founded by the Sisters of Charity of Saint Elizabeth. Except as so admitted, SJHS denies the allegations in paragraph 17.

18. Admitted and, furthermore, St. Joseph's avers that as part of a Roman Catholic faith-based hospital system, healthcare and religion have been inextricably intertwined in St. Joseph's delivery of services.

19. Admitted and, furthermore, Father Rooney avers that he is a Roman Catholic priest.

20. Defendants neither admit nor deny the allegations in paragraph 20 as they are legal allegations to which Defendants are not obligated to respond.

## RESPONSE TO "FACTUAL BACKGROUND"

21. Defendants neither admit nor deny the allegations in paragraph 21 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

22. Defendants neither admit nor deny the allegations in paragraph 22 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

23. Defendants neither admit nor deny the allegations in paragraph 23 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

24. Defendants neither admit nor deny the allegations in paragraph 24 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

25. Defendants neither admit nor deny the allegations in paragraph 25 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

26. Defendants neither admit nor deny the allegations in paragraph 26 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

27. Defendants neither admit nor deny the allegations in paragraph 27 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

28. Defendants neither admit nor deny the allegations in paragraph 28 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

29. Defendants neither admit nor deny the allegations in paragraph 29 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

30. Defendants neither admit nor deny the allegations in paragraph 30 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

31. Defendants neither admit nor deny the allegations in paragraph 31 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

32. Defendants neither admit nor deny the allegations in paragraph 32 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

33. Defendants neither admit nor deny the allegations in paragraph 33 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

34. Defendants neither admit nor deny the allegations in paragraph 34 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

35. Defendants neither admit nor deny the allegations in paragraph 35 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

36. Defendants neither admit nor deny the allegations in paragraph 36 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

37. Defendants neither admit nor deny the allegations in paragraph 37 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

38. Defendants neither admit nor deny the allegations in paragraph 38 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

39. Defendants neither admit nor deny the allegations in paragraph 39 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

40. Defendants neither admit nor deny the allegations in paragraph 40 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

41. Defendants neither admit nor deny the allegations in paragraph 41 as they are legal conclusions and therefore Defendants put Plaintiff to his proofs with respect thereto.

42. St. Joseph's admits that it has a nationally recognized Department of Obstetrics and Gynecology (the "Department") where patients may choose from private physicians in the community, that the Department has a Robotic Surgery program, and that surgeons affiliated with the Department perform hysterectomies and other surgeries. Except as so admitted, Defendants deny the allegations in paragraph 42.

43. Defendants admit the allegations in paragraph 43 to the extent they are consistent with the publicly-available data provided by Healthgrades, but deny that the data is accurate.

44. Denied.

45. Defendants admit that St. Joseph's gynecologic surgery services are advertised. Defendants further admit, on information and belief, that surgeons affiliated with St. Joseph's advertise their gynecologic surgery services and admit the advertisement attributed to Roger P. Kierce, M.D. to the extent it is consistent with any publicly-available advertisement from Dr. Kierce.

46. SJHS denies that it receives revenues from the state or federal governments. Defendants admit the remaining allegations in paragraph 46 to the extent they are consistent with publicly-available data about St. Joseph's.

47. Defendants deny the allegations in paragraph 47 as St. Joseph's, not SJHS, maintains a Patient Bill of Rights.

48. Defendants deny the allegations in paragraph 48 as St. Joseph's, not SJHS, maintains a website.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 and therefore put Plaintiff to his proofs with respect thereto.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 and therefore put Plaintiff to his proofs with respect thereto.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51 and therefore put Plaintiff to his proofs with respect thereto.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 and therefore put Plaintiff to his proofs with respect thereto.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 and therefore put Plaintiff to his proofs with respect thereto.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore put Plaintiff to his proofs with respect thereto.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore put Plaintiff to his proofs with respect thereto.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 and therefore put Plaintiff to his proofs with respect thereto.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 and therefore put Plaintiff to his proofs with respect thereto.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 and therefore put Plaintiff to his proofs with respect thereto.

59. Defendants admit that Dr. Day is associated with and has privileges with St. Joseph's hospital in Paterson, New Jersey and that he is skilled surgeon who regularly performs hysterectomies and other procedures. Except as so admitted, Defendants deny the allegations in paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 and therefore put Plaintiff to his proofs with respect thereto.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 and therefore put Plaintiff to his proofs with respect thereto.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 and therefore put Plaintiff to his proofs with respect thereto.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 and therefore put Plaintiff to his proofs with respect thereto.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 and therefore put Plaintiff to his proofs with respect thereto.

65. Denied.

66. Admitted.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67 and therefore put Plaintiff to his proofs with respect thereto.

68. Denied.

69. Defendants admit that Father Rooney sent Conforti, who upon information and belief, was then legally known as "Krystal Marie Conforth," an email on June 16, 2015, and Defendants further admit the allegations in paragraph 69 to the extent they are consistent with the statements in that email.

70. Denied.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 and therefore put Plaintiff to his proofs with respect thereto.

72. Defendants deny that Plaintiff experienced any discrimination. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 72 and therefore put Plaintiff to his proofs with respect thereto.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 and therefore put Plaintiff to his proofs with respect thereto.

74. Defendants deny that there was any discriminatory intent in how Plaintiff was treated. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 74 and therefore put Plaintiff to his proofs with respect thereto.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 and therefore put Plaintiff to his proofs with respect thereto.

76. Denied.

77. Denied.

78. Denied.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 and therefore put Plaintiff to his proofs with respect thereto.

80. Defendants admit the allegations in paragraph 80 to the extent they are consistent with the complaint Plaintiff filed with the U.S. Department of Health and Human Services, Office for Civil Rights.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 and therefore put Plaintiff to his proofs with respect thereto.

### RESPONSE TO "COUNT ONE"

82. Defendants incorporate the preceding paragraphs by reference as if fully set forth herein at length.

83. Defendants neither admit nor deny the allegations in paragraph 83 as they are legal allegations to which Defendants are not obligated to respond.

84. Defendants neither admit nor deny the allegations in paragraph 84 as they are legal allegations to which Defendants are not obligated to respond.

85. Defendants neither admit nor deny the allegations in paragraph 85 as they are legal allegations to which Defendants are not obligated to respond.

86. Defendants neither admit nor deny the allegations in paragraph 86 as they are legal allegations to which Defendants are not obligated to respond.

87. St. Joseph's admits that its written policies acknowledge that it treats all individuals equally and that it does not discriminate on the basis of any protected category. Defendants neither admit nor deny the remaining allegations in paragraph 87 as they are legal allegations to which Defendants are not obligated to respond.

88. Denied.

89. Denied.

90. Denied.

In response to the <u>ad damnum</u> and prayer for relief clause, Defendants deny that Plaintiff is entitled to any of the relief requested therein, or any other relief.

## RESPONSE TO "COUNT TWO"

91. Defendants incorporate the preceding paragraphs by reference as if fully set forth herein at length.

92. Defendants neither admit nor deny the allegations in paragraph 92 as they are legal allegations to which Defendants are not obligated to respond.

93. Defendants neither admit nor deny the allegations in paragraph 93 as they are legal allegations to which Defendants are not obligated to respond.

94. Defendants neither admit nor deny the allegations in paragraph 94 as they are legal allegations to which Defendants are not obligated to respond.

95. Defendants neither admit nor deny the allegations in paragraph 95 as they are legal allegations to which Defendants are not obligated to respond.

96. Defendants neither admit nor deny the allegations in paragraph 96 as they are legal allegations to which Defendants are not obligated to respond.

97. Defendants neither admit nor deny the allegations in paragraph 97 as they are legal allegations to which Defendants are not obligated to respond.

98. Defendants neither admit nor deny the allegations in paragraph 98 as they are legal allegations to which Defendants are not obligated to respond.

99. Denied.

100. Denied.

101. Denied.

In response to the ad damnum and prayer for relief clause, Defendants deny that Plaintiff is entitled to any of the relief requested therein, or any other relief.

## AFFIRMATIVE/SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendants assert the defenses mentioned below and expressly reserve and do not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

## FIRST AFFIRMATIVE/SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claims against Defendants – a Catholic health system and hospital and a Catholic priest – are barred by the free exercise of religion guaranteed by the First Amendment to the United States Constitution.

### THIRD AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claims against Defendants – a Catholic health system and hospital and a Catholic priest – are barred by the free exercise of religion guaranteed by Article I, Paragraph 3 of the New Jersey Constitution.

### FOURTH AFFIRMATIVE/SEPARATE DEFENSE

It would be a violation of the Defendants' federal and state constitutional right to free exercise of religion for this Court to grant the relief and remedies sought by Plaintiff in the Complaint against a Catholic health system and hospital and a Catholic priest.

### FIFTH AFFIRMATIVE/SEPARATE DEFENSE

It is constitutionally impermissible for this Court to exercise jurisdiction over the interpretation of the Ethical and Religious Directives for Catholic Health Care Services promulgated by the United States Conference of Catholic Bishops.

### SIXTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claims against a Catholic health system and hospital and a Catholic priest are precluded by the Religious Freedom Restoration Act.

### SEVENTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claims may be barred by the conscience provisions contained in 42 U.S.C. § 300a-7, et seq.

### EIGHTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claims against Defendants are barred by N.J.S.A. 2A:65A-1, 2A:65A-2 and 2A:65A-3, which state that "[n]o person shall be required to perform or assist in the performance of ... sterilization"; "[n]o hospital or other health care facility shall be required to provide ... sterilization services or procedures"; and "[t]he refusal to perform, assist in the performance of,

or provide … sterilization procedures shall not constitute grounds for civil or criminal liability, disciplinary action or discriminatory treatment."

### NINTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claims premised on the Patient Protection and Affordable Care Act ("ACA") are precluded by the nationwide injunction entered by the United States District Court for the Northern District of Texas in *Franciscan Alliance, Inc. v. Burwell*, Civil Action No. 7:16-cv-00108-O, entered on December 31, 2016.

### TENTH AFFIRMATIVE/SEPARATE DEFENSE

To the extent that Plaintiff's ACA claim is premised upon any pre-rulemaking interpretation of Section 1557 by the Department of Health and Human Services as elevating gender identity or gender transition to a protected characteristic under the ACA, it would be unconstitutional and a violation of the Administrative Procedure Act ("APA") to impose liability upon Defendants for conduct that was allegedly contrary to the unauthorized and erroneous extension of the ACA proffered by HHS prior to completion of the APA rulemaking process.

### ELEVENTH AFFIRMATIVE/SEPARATE DEFENSE

Section 1557 of the ACA does not apply to gender identity, transgender status or nonconformity with sex stereotypes and/or Section 1557 must be interpreted as incorporating Title IX's exemption for religious entities.

### TWELFTH AFFIRMATIVE/SEPARATE DEFENSE

Applying the ACA and/or New Jersey Law Against Discrimination to force St. Joseph's to perform, and Father Rooney to approve, a sterilization procedure in furtherance of gender transition would be contrary to the Ethical and Religious Directives for Catholic Health Care

Services, contravene Defendants' sincerely held religious beliefs, and violate Defendants' right to the free exercise of religion under the United States and New Jersey Constitutions.

### THIRTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff lacks standing to request injunctive relief, and Plaintiff's request for injunctive relief is moot, inasmuch as Plaintiff underwent a hysterectomy at a different hospital a few months after St. Joseph's declined to perform that procedure on religious grounds.

### FOURTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Given that Plaintiff's claims arose prior to the effective date of the now-enjoined Health and Human Services' regulations that purported to implement the ACA, it would be unconstitutional and fundamentally unfair to apply those regulations retroactively.

### FIFTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff has suffered no compensable injury as a result of Defendants' conduct.

### SIXTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages or otherwise avoid harm.

### SEVENTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, and/or waiver.

### EIGHTEENTH AFFIRMATIVE/SEPARATE DEFENSE

All actions taken by Defendants with respect to Plaintiff were for legitimate, bona fide, and non-discriminatory reasons.

### NINETEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Complaint is barred in whole or in part to the extent Plaintiff has failed to exhaust applicable administrative requirements.

## TWENTIETH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff is not entitled to some or all of the relief requested because Defendants' actions were not taken with malice or with reckless indifference to Plaintiff's legal rights.

## TWENTY-FIRST AFFIRMATIVE/SEPARATE DEFENSE

Defendants have not engaged in any wrongful or unlawful conduct that caused Plaintiff any of the injuries that are alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's Complaint does not meet the *Twombly/Iqbal* pleading standard because the Complaint fails to set forth sufficient facts to summarize each claim raised in the Complaint, or to specify the facts relevant to Plaintiff's claims against Defendants.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in its favor and dismiss Plaintiff's Complaint, and grant Defendants all such other and further relief as the Court shall deem just equitable and proper.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendants

By: _____
Christopher S. Mayer
Thomas F. Doherty
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102
973.622.4444

Dated: February 10, 2017

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is the subject of an administrative complaint filed with the U.S. Department of Health and Human Services, Office for Civil Rights, in December 2015. I hereby certify that insofar as Defendants are aware, the matter in controversy is not the subject of any other action pending in any other court or pending arbitration proceeding, no other action or arbitration proceeding is contemplated by Defendants, and all necessary parties have been joined in this action.

I certify under penalty of perjury that the foregoing statements are true and accurate.

*[signature]*
Christopher S. Mayer

Dated: February 10, 2017

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of Defendants' Answer and Affirmative/Separate Defenses and this Certificate of Service to be served this day by means of ECF filing upon:

>Christopher T. Cook, Esq.
>Quinn Emanuel Urquhart & Sullivan, LLP
>51 Madison Avenue, 22nd Floor
>New York, NY  10010-1601
>
>Omar Gonzalez-Pagan, Esq.
>Lambda Legal Defense and Education Fund, Inc.
>120 Wall Street, 19th Floor
>New York, NY  10005
>
>Attorneys for Plaintiff

I certify under penalty of perjury that the foregoing statement is true and accurate.

*/s/ Christopher S. Mayer*
Christopher S. Mayer

Dated:  February 10, 2017