## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JIONNI CONFORTI,

*Plaintiff,*

v.

ST. JOSEPH'S HEALTHCARE SYSTEM, INC.; ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER D/B/A ST. JOSEPH'S REGIONAL MEDICAL CENTER; and FATHER MARTIN D. ROONEY,

*Defendants.*

Case No. 2:17-cv-00050-JLL-CLW

**DISCOVERY CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.     Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Order (the "Protective Order") any information, document, or thing, or portion of any document or thing, that contains or discloses: (a) trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) private or confidential personal information, such as personal medical, employment, or financial records; (c) information received in confidence from third parties; or (d) information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3 (the "Confidential Material"). Any party to this litigation or any third party covered by this Protective Order, who produces or discloses any material designated as "Confidential," including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," except that this Protective Order

does not require Defendants or Plaintiff to treat their own Confidential Material any differently than they would on a routine basis.

2.      Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Protective Order any information, document, or thing, or portion of any document or thing, that contains or discloses highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party (hereinafter "Attorneys' Eyes Only Material," and together with the "Confidential Material," the "Protected Material". Any party to this litigation or any third party who is covered by this Protective Order, who produces or discloses any material designated "Attorneys' Eyes Only," including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

3.      All Protected Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than as set forth in Paragraphs 4 and 7 below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on counsel's evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the contents of such Attorneys' Eyes Only Material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.      Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

a.      The Court, including any Court personnel assisting the Court, secretarial or other clerical personnel, and stenographers or other persons involved in taking, transcribing, or videotaping testimony in this action;

b.      Special masters, mediators, or other third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff;

c.      The parties, and any contractors and employees (or former contractors or employees) of the parties, as well as claims adjusters/analysts employed by a party's insurer, to whom it is necessary to disclose for the purposes of the action, or who are directly involved in the management, prosecution, defense, or settlement of the action or the supervision of outside counsel;

d.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

e.      Outside experts or consultants retained by a party or a party's outside counsel for purposes of this action, including principals and employees of the firm with which consultants or experts are associated, provided they have executed the Agreement to Be Bound By Discovery Confidentiality Order (the "Confidentiality Agreement") attached hereto as Exhibit A;

f.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

g.    Any non-party witnesses or deponents, and their counsel, or potential non-party witnesses, and their counsel, as to whom outside counsel has a reasonable belief that the non-party witness or deponent has relevant information regarding Confidential Material, and provided that before disclosure, the non-party witnesses, or potential non-party witnesses and their counsel agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement attached hereto as Exhibit A;

h.    Without limiting the preceding subparagraph, any deponent may be shown or examined on any information, document or thing designated as Confidential Material if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

i.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

5.    Confidential Material shall be used only by individuals permitted access to it under Paragraph 4. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside

counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.      With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (e), (f), (h) and (i) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (e), (f), (h) and (i) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7.      Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

8.      If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

        (a)      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state

the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.      All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

10.     If the need arises during trial or at any hearing before the Court for any party to disclose Protected Material, it may do so only after giving notice to all counsel of record for the producing party and as directed by the Court.

11.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether

the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Protective Order.

12.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13.     No information that is in the public domain, or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Protected Material under this Protective Order, unless such information is otherwise protected from disclosure pursuant to any applicable federal or state law or regulation.

14.     Protected Material shall not include documents for which the relevant privilege has been waived (such documents would not be confidential).

15.     In designating information or materials as "Confidential" or "Attorneys' Eyes Only," a designating party will make such a designation only as to information that it in good faith believes to be confidential, proprietary, privileged, and/or sensitive, and for which the relevant privilege has not been waived in this litigation.

16.     This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Protected Material and to destroy, should such source so request, all copies of Protected Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Protected Material, including any protected health information, as that term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder, 45 C.F.R. Parts 160 and 164 ("Protected Health Information"). With the exception of Protected Health Information, in order to ensure the ability to defend against any potential malpractice claims and to abide by the terms of applicable malpractice coverage, and subject to the provisions of this Protective Order, counsel shall be entitled to retain a set of all documents and correspondence in this matter, even if such materials contain information and materials designated as "Confidential" or "Attorneys' Eyes Only," including, but not limited to,

all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; consultant and expert work product; and any and all documents received, produced, or created in connection with this litigation. To the extent a party requests the return of Protected Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

18.     Nothing in this Protective Order precludes the producing party (provided the producing party was rightfully in possession of the information, document or thing prior to producing it in this action) from using any Protected Material as it sees fit.

19.     The parties expressly agree to take reasonable measures to protect from disclosure and use outside of this action any Protected Health Information.


IT IS SO ORDERED.

Dated: _7/18/17_          _____
                                                                U.S.M.J.

9

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JIONNI CONFORTI,

    *Plaintiff,*

  v.

ST. JOSEPH'S HEALTHCARE SYSTEM, INC.; ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER D/B/A ST. JOSEPH'S REGIONAL MEDICAL CENTER; and FATHER MARTIN D. ROONEY,

    *Defendants.*

Case No. 2:17-cv-00050-JLL-CLW

**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____ , being duly sworn, state that:

  1.  My address is _____ .

  2.  My present employer is _____ and the address of my present employment is _____ .

  3.  My present occupation or job description is _____ .

  4.  I have been requested by counsel for _____ to review certain material which I have been informed is "Confidential Material" within the terms of the Discovery Confidentiality Order ("the Protective Order") issued by the Court in the above-entitled action.

  5.  I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

  6.  I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Material information disclosed to me.

7.      I will limit use of Confidential Material disclosed to me solely to my role and/or work in this action.

8.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action and understand that I may be found in contempt of Court if I violate this Confidentiality Agreement.

9.      I understand and agree that my obligations under this Confidentiality Agreement and the Protective Order will survive and continue beyond the termination of this action.

10.     No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____

[Signature]

_____

[Printed Name]